## STATE ex rel. KREBS v. JUNOD.

### No. 1216.

Court of Appeal of Louisiana. First Circuit.

Dec. 4, 1933.

For former opinion, see 150 So. 64.

Geo. M. Wallace, Asst. Atty. Gen., for appellant.

Chas. A. Holcombe, of Baton Rouge, for appellee.

ELLIOTT, Judge.

A. L. Junod, an employee of the state treasurer and the person charged by the Constitution of 1921, art. 5, § 18, with the authority and duties of the office in the absence of, or inability of, the treasurer to act, was sued by A. L. Krebs acting under Act No. 242 of 1912, as amended, to compel the recognition of the right of Krebs to examine the public records in the office of the state treasurer.

Jess S. Cave, treasurer, was absent at the time the demand was made on Junod, and Junod, when called on for leave to make the examination, refused to permit it to be done. He was ordered by the lower court as the person representing the authority of the office to permit the examination, and appealed the case to this court. On appeal the record showed that Jess S. Cave had returned before the trial in the lower court; just when, we were not informed, but at the time of the trial and at the time of the appeal, Cave, the treasurer, was present in person and representing the authority of the office. In such a situation we held that Junod, due to the presence of Cave, did not, in appealing, represent the authority of the office, and acting ex officio, we dismissed the appeal. 150 So. 64.

In his petition for rehearing, appearing personally and individually, and not as the person having the authority of the office, he substantially and in effect alleges that this court erred in dismissing his appeal. He claims that the dismissal was, in effect, holding that the petition of Krebs set forth no cause or right of action; that he had urged in the lower court an exception to that effect, and that the lower court overruled it. That this court in dismissing the appeal stated erroneously that the lower court did not act on it. He prays that a rehearing be granted, that the ruling be reviewed, and, if the petition of the relator be found to set forth no right or cause of action, that the ruling be reversed and the suit against him dismissed on that account.

The minutes show that we were in error in stating that the lower court did not act on the exception. It was acted on and overruled, but acting on the application for rehearing, we find that the exception involved the merits and should have been referred thereto. The issue raised by the exception was an issue on the merits. No good cause would be served by granting a rehearing in order that we may review and act on the ruling and then dismiss the appeal.

Defendant-appellant further complains that our action leaves the judgment appealed from in effect against him and he urges that he be entitled to relief in that respect. The judgment appealed from was against him as the person next in authority and representing the authority of the office of treasurer. The judgment does not prejudice him personally nor individually and which is the capacity in which he applies for a rehearing. We see no reason for granting the request.

Rehearing refused.